TIDRICK, Respondent, v. HART et al, Appellants.

(213 N. W. 7.)

· (File No. 5761. Opinion filed April 11, 1927.)

**1. Vendor and Purchaser—Damages—Measure of Damages For Failure of Vendor of Farm to Convey Under Separate Contract Interest in Acre of Land Containing Well Held Value of Interest at Time of Contract (Rev. Code 1919, §§ 1966, 1970).**

Measure of damages, under Rev. Code 1919, §§ 1966, 1970, for breach of contract to convey one-fourth interest in acre of land and well thereon, held value of interest contracted to be conveyed at time contract was entered into, not difference in value of entire farm with such interest and without it, though contract was executed by vendor at time of delivery of deed to farm.

**2. Vendor and Purchaser—$500 Damages For Failure To Convey One-Fourth Interest In Acre of Land Containing Well Held Ample, Under Evidence.**

In action to foreclose purchase-mortgage allowance to mortgagor of $500, for mortagee's breach of contract to convey one-fourth interest in acre of land containing well, held sufficient, under evidence.

**3. Mortgages—Attorneys Fees—Where, On Foreclosure, Mortgagor Recovered Substantial Amount On Counterclaim, Only Statutory Costs and Attorney's Fees Were Taxable.**

In action to foreclose mortgage, where mortgagor prevailed on counterclaim for substantial amount, no more than statutory costs and attorney's fees were recoverable by mortgagee.

---

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Vendor and purchaser, Key-No. 351(2), 39 Cyc. 2111; **(2)** Vendor and purchaser, Key-No. 350, 39 Cyc. 2102; **(3)** Mortgages, Key-No. 580, 27 Cyc. 1778.

Appeal from Circuit Court, Sully County; Hon. John F. Hughes, Judge.

Action by Clyde Tidrick against B. M. Hart and another, in which defendants interposed a counterclaim. From a judgment for plaintiff, deducting damages allowed on defendants' counterclaim, and from an order overruling defendants' motion for new trial, defendants appeal. Affirmed.

*Fuller & Robinson,* of Pierre, for Appellants.
*Frank R. Fisher,* of Miller, for Respondent.

BURCH, J.   Plaintiff brings this action to foreclose a real estate mortgage on a section of land in Sully county.   Defendants answer, admitting the execution of the mortgage, and plead as a counterclaim damages for breach of a contract to convey a one-fourth interest in an artesian well.   Plaintiff in his reply admits an agreement to convey his interest in the artesian well, but denies a breach of such contract.   The case was tried by the court and judgment rendered in favor of plaintiff, after deducting from the amount claimed damages allowed on the counterclaim in the sum of $500.   Defendants appeal from the judgment and an order over-ruling a motion for new trial.   The facts necessary to a proper understanding of the issues involved are as follows:   On and prior to the 22d of May, 1920, respondent, Tidrick, was the owner and in possession of section 17, township 116, range 78 in Sully county. On section 19, at the northeast corner of said section, immediately adjoining the southwest corner of section 17 was an artesian well. This well was bored at the expense of four neighbors, namely, Bouchie, the owner of section 19, Gates, the former owner of section 17, and Brehe and Fransen, owners of adjoining land, under an agreement whereby one acre on which the well was located was to be deeded by Bouchie, so that each would own an undivided one-fourth interest in the land and well thereon.   A deed was executed by Bouchie and deposited with a bank in Onida for the benefit of all parties concerned.   Respondent, as successor in interest, claimed an undivided one-fourth interest in the said acre and well.   On the 22d day of May, 1920, respondent sold said section 17 to appellant B. M. Hart for $28,800, and the mortgage in suit was given by appellants as a part of the purchase price.   At the time the deed was executed and delivered, respondent also executed and delivered a contract, in writing, whereby he agreed—

"to assign all his right, title, and interest, which is one-fourth interest in a company well, that is situated in the northeast quarter of section 19, township 116, range 78."

After appellant received the deed, he went into possession and placed a tenant on the land.   A year or two later while one Fast was occupying the land, Bouchie ordered Fast not to use water from the well.   This action on the part of Bouchie forms the basis of appellant's claim for damages.   Respondent had no deed to the undivided one-fourth interest in the acre and well belonging to

Gates, although the evidence indicates that he had a right to such deed, when he paid a purchase-money mortgage to Gates, and a right to use water from the well in the meantime. The well was about 8 years old at the time of the acts complained of, and there is considerable evidence concerning the condition of the well, the amount of water it furnished, and the equipment necessary to draw the water, which tends to show that the equipment for drawing the water was not adequate and in a poor state of repair and the supply of water was insufficient for the use of the several owners of the well. Brehe had another well. For a number of years Tidrick, as the grantee of Gates, used water without objection, and afterwards tenants of Dr. Hart did the same until Bouchie ordered the last tenant, Fast, to desist.

Although the court allowed appellant damages in the sum of $500, appellant contends that the court did not adopt the proper measure of damage. He argues that the use of the well was necessary and essential to the proper enjoyment of the deeded land and so understood by respondent; that the consideration paid for the deeded land was a full and indivisible consideration; that the agreement to convey the right to the use of the well was a covenant by the vendor, in the nature of an easement, and therefore the proper measure of damage is the difference between the value of the farm with such interest and its value without such interest. He takes the position that the land could not be used without water, and that when he was evicted from the use of the well he was compelled to sink another artesian well at a cost of $2,150; that the land was worth without the well, at least, $2,150 less because that was the expense incurred in supplying necessary water.

[1] The assignments of error with the exception of one, covering the taxation of attorney's fees, present the single question, What is the proper measure of damage? The general rule is stated in section 1966, R. C. 1919, as follows:

"For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby."

And for the breach of an agreement to convey section 1970 provides:

"The detriment caused by the breach of an agreement to con-

vey an estate in real property is deemed to be the price paid."
—but appellants argue that inasmuch as the use of the well was
of primary importance to the use and enjoyment of the remaining
land, the right to take water was in the nature of an easement.
They say:

"The only way to prove the price paid for the interest in the
well in this case is by showing the value of section 17 with such
interest and the value of said section without such interest. * * *
The transaction between the plaintiff and B. M. Hart, with respect
to this well, was not, strictly speaking, a conveyance or agreement
to convey any part of the northeast quarter of section 19. It was
not, in its essence, a conveyance of real property.

"It is obvious that the parties had in mind the use of and
the right to use a certain artesian well, which was a sort of ease-
ment to be conveyed with section 17. It was a legal right."

Throughout the trial, stress was laid on respondent's failure
to convey title by deed. Appellant's throughout contended that
the breach consisted in the failure to deliver a deed, and Bouchie's
right to exclude appellants from the well, if he had such right,
depended upon the fact that appellants did not have a deed.

The lack of a deed to the acre on which the well was located
was stressed throughout the trial by appellants and forms the basis
for their claim for damages. Under such circumstances, more
than an easement; namely, the right to take water from the well,
is claimed. They complain because they did not get title to a one-
fourth interest in the acre and well.

Appellant's contention that the difference in the value of the
land with the well and its value without is the cost of a new well
cannot be accepted. Presumably the entire property was worth
what defendant paid for it, and the value of section 17 with a new
well, owned exclusively by appellant, close to the buildings, would
be worth more than the same land would be with a one-fourth
interest in an old well on an acre in section 19, half a mile from
the buildings. In other words, the new well increased the value of
section 17 and proof of the difference in the value of the land,
with a well and without one, cannot be made by subtracting the
value of the premises without any well from the value of the
premises with the new well as its initial worth under appellant's
contract. The cost of the new well might be pertinent, if that was
the only way in which appellant could have procured water, but

there is no evidence showing or tending to show that an effort was made to procure a one-fourth interest in the well contracted to be conveyed, or to procure water in any other way, or that respondent was given an opportunity to supply the water. The gist of the action was a failure to convey title as agreed.

[2] Therefore the correct measure of damages is the value of a one-fourth interest in the acre of land in section 19, with the well and equipment as it stood, at the time the contract was entered into. The court found this to be $500, which appears to be ample under the evidence and all the circumstances of the case. There is no proof of special damages resulting from a failure to have the use of the well during any of the time.

[3] Appellants having prevailed on their counterclaim in a substantial amount, we think the court should not have allowed more than the statutory costs and attorney's fees to respondent, and that the judgment should be modified allowing $25 only as attorney's fees.

As so modified, the judgment and order appealed from is affirmed. No costs to be taxed in this court.

GATES, POLLEY, and SHERWOOD, JJ., concur.
CAMPBELL, P. J., absent and not sitting.